■ CARMELLA VALENTI et al., Respondents, v JOSEPH TRUNFIO, Appellant, et al., Defendant. — Order of the Supreme Court, New York County (Parness, J.), entered on December 13, 1982, granting an application to dismiss the affirmative defense of the Statute of Limitations, is unanimously reversed, without costs, on consent of the parties.

Plaintiffs commenced suit in 1979 in this medical malpractice action, based on surgery that had been performed by defendant in 1973. In 1982, plaintiffs were granted leave to amend their complaint to add a cause of action for fraud. Plaintiffs asserted that defendants knew that the plaintiff had been injured during the surgery and failed to inform her, which would bar the defendants from pleading the Statute of Limitations. Based upon this amended complaint, defendant's motion for summary

judgment was denied. Defendant filed an amended answer, asserting the Statute of Limitations and plaintiffs moved to strike this affirmative defense. This motion was granted while defendant's appeal from the original order, allowing amendment of the complaint, was pending. The defendant did not appeal the order allowing amendment of the complaint.

Thus, the defendant is in an anomalous situation. His defense may be barred by the fraud count, but even if it is not, he cannot plead it because it was struck by the court. To avoid this result, counsel for both parties have stipulated and consented to the reinstatement of the defense. Therefore, the decision of the Supreme Court is reversed and the defendant may plead the Statute of Limitations as an affirmative defense subject to any motions that may be appropriate in the premises in the future. Concur — Kupferman, J. P., Sullivan, Carro, Milonas and Alexander, JJ.